IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELLIE CRESTMAN DUNCAN )<br>)<br>Plaintiff, )<br>) Case No.: 3:20-cv-767<br>vs. )<br>)<br>)<br>ANTHEM LIFE INSURANCE COMPANY )<br>)<br>)<br>Defendant. ) | |

## **COMPLAINT**
## **EMPLOYEE RETIREMENT INCOME SECURITY ACT**

COMES NOW Plaintiff Kellie Crestman Duncan, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1F974, as amended 29 U.S.C. §1001 *et. seq*., and for her cause of action against defendant Anthem Life Insurance Company, respectfully states the following:

**COUNT I- Denial of Long-Term Disability Benefits Pursuant to 29 U.S.C. §1132(a)(1)(b)**

1. Plaintiff, Kellie Crestman Duncan (hereinafter "Kellie") brings this action against Defendant Anthem Life Insurance Company (hereinafter "Anthem") for damages caused by the Defendant's breach of statutory, contractual and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2. This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, and Defendants reside or are found in this district.

**Parties**

4. Kellie is an individual who at all relevant times was residing in New Baden, Illinois. Kellie is a vested participant in a Group Insurance Policy for certain employees of Firstsource Group USA, Inc., which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a).

5. Defendant Anthem provides coverage for certain employees of Firstsource Group USA, Inc. under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002. Specifically, Anthem provides Long term disability (hereinafter "LTD").

6. Anthem is an insurance company incorporated in Indiana and is doing business in Illinois under a license to do business as a Foreign Insurance Company. Anthem administers and pays benefits under the terms of the LTD Plan and is a fiduciary within the meaning of 29 U.S.C. §1002(16).

7. Kellie applied for Long Term Disability benefits under the Firstsource Plan on November 4, 2018.

8. Anthem initially denied plaintiff's long-term disability claim on August 5, 2019.

9. Kellie filed a timely appeal of Anthem's denial.

10. As part of her appeal Kellie included reports of her restrictions and limitations as well as medical records showing that her condition was permanent and progressive, and that she could not perform the duties of her own occupation.

11. Despite presenting objective evidence including the clinical determination of her treating physician that Plaintiff was disabled and entitled to receive Long Term Disability benefits Defendant denied her appeal on March 25, 2019.

12. At all relevant times, Kellie has been under the care of licensed medical doctors.

13. 29 CFR § 2560.503-1 (b)(7) is a regulation promulgated by the Department of Labor and at all times relevant governed the claims procedures utilized by Anthem in deciding Kellie's claims.

14. 29 CFR § 2560.503-1 (b)(7) states that:

> In the case of a plan providing disability benefits, the plan must ensure that all claims and appeals for disability benefits are adjudicated in a manner designed to ensure the independence and impartiality of the persons involved in making the decision. Accordingly, decisions regarding hiring, compensation, termination, promotion, or other similar matters with respect to any individual (such as a claims adjudicator or medical or vocational expert) must not be made based upon the likelihood that the individual will support the denial of benefits.

15. In deciding plaintiff's appeal, Anthem hired Dane Street to provide three medical reviews from their stable of doctors to review Plaintiff's medical records with the knowledge that the reviewers would likely support the denial of benefits in violation of 29 CFR § 2560.503-1 (b)(7).

16. As a result of the wrongful denial, Kellie has been damaged in the amount of unpaid benefits.

17. Kellie has exhausted all her administrative remedies.

18. Defendant's denial of long-term disability benefits was arbitrary and capricious, and not based on substantial evidence, was a breach of their fiduciary duties and was the product of a conflict of interest and serious procedural irregularities.

19. Defendant is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees and costs.

**WHEREFORE**, Plaintiff prays that this Court:

a) Grant judgment in her favor and against Defendant on all claims;

b) Order that Defendant pay all benefits due under the Plan from December 3, 2018 to the date of judgment, including interest thereon;

c) Declare Plaintiff's rights under the terms of the Plan, and clarify her rights to future benefits under the terms of the Plan;

d) Enjoin Defendants to provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C §1133.

e) Enjoin Defendant to discharge their fiduciary duties in accordance with 29 U.S.C. §1104;

f) Order restitution or surcharge to disgorge Defendants' unjust enrichment in wrongfully delaying and denying benefits and/or to make Plaintiff whole for losses, and payment of her attorneys' fees caused by Defendant's violation of 29 U.S.C. §1133   and breach of fiduciary duty:

g) Order that Defendant pay the costs of suit, including plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g);

h) Award all such other and further relief as this Court deems just and proper.

**GALLAGHER DAVIS, L.L.P.**

*/s/ Mathew R. Davis*
Matthew R. Davis
Adam J. Olszeski
2333 S. Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101
matt@gallagherdavis.com
adam@gallagherdavis.com

*Attorneys for Plaintiff*
*Kellie Logsdon*